UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| **JEFFREY WADE YEXLEY,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**ALEJANDRO REYES, MARTY JACKLEY, THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA;**<br><br>**Defendants.** | 1:24-CV-01010-KES<br><br><br><br>REPORT AND RECOMMENDATIONS ON HABEAS PETITION AND ACCOMPANYING MOTIONS |

Jeffrey Wade Yexley, a prison inmate, filed a pro se "protective" habeas corpus petition by a person in state custody.[1] He also moved for a stay and abeyance of his habeas case,[2] to toll his limitations period,[3] and to amend his petition.[4] Having conducted the required screening of Yexley's petition,[5] the Court recommends that the petition be dismissed, without prejudice, and that his motions be denied.

---

[1] Docket No. 1.
[2] Docket No. 4.
[3] Docket No. 5; *see* 28 U.S.C. § 2244(d) (one-year period of limitation applies to state habeas petitions).
[4] Docket No. 9.
[5] *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

1

## BACKGROUND

On November 11, 2023, Yexley pled guilty to kidnapping in the second degree.[6] A state circuit judge later sentenced Yexley to 15 years of incarceration, suspending 5 of those years on conditions and crediting 96 days for time already served.[7] Yexley did not appeal his conviction or sentence to the state supreme court.[8]

Instead, Yexley filed a "protective" habeas corpus petition in federal court and simultaneously moved to have his federal case stayed and held in abeyance and to toll the applicable limitations period.[9] He then sought leave to amend his petition and add claims.[10] Yexley maintains that he "is trying in good faith to exhaust [his] state court remedies,"[11] that he is entitled to "equitable tolling" because "he has been pursuing his rights diligently," and that "extraordinary circumstances" prevent him from timely filing a state habeas petition.[12]

## DISCUSSION

The Court is required to "promptly examine" a new petition filed under 28 U.S.C. § 2254.[13] "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, [then] the judge must dismiss the

---

[6] Docket Nos. 1-2, 9-2.
[7] *Id.*
[8] Docket Nos. 1 at 2, 9-1 at 3.
[9] Docket Nos. 1, 4, 5.
[10] Docket No. 9.
[11] Docket No. 4.
[12] Docket Nos. 5, 9-2 at 7.
[13] Rule 4 of the Rules Governing Section 2254 Cases.

2

petition and direct the clerk to notify the petitioner."[14] After carefully examining Yexley's petition, the Court concludes that the petition should be dismissed.

Yexley's original § 2254 petition contains no claims[15] and those he raises in his proposed amended petition are all unexhausted.[16] "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim."[17] In South Dakota, a state prisoner seeking relief under § 2254 must first present his claims to the circuit court and then appeal them to the state supreme court.[18] Yexley has yet to file a habeas petition in state court.[19] And he may have one or more motions (including a sentence modification one) pending with the same court that sentenced him.[20]

In his federal petition, Yexley says that he is "experiencing some difficulty presenting and developing [the] legal basis [for his] claims."[21] He apparently filed the petition because of concerns over not getting records he asked for and delays in circuit court proceedings but has still not filed a state habeas petition.[22] Irrespective of what he

---

[14] *Id.*
[15] Docket No. 1.
[16] Docket No. 9-1.
[17] *Carter v. South Dakota*, No. 4:23-CV-04037-RAL, 2023 WL 7530775, at *1 (D.S.D. Nov. 13, 2023) (quoting *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993)); *see also* 28 U.S.C. § 2254(b)(1)(A), (c) (exhaustion rule).
[18] *See Carter*, 2023 WL 7530775, at *2; *Tripp v. Dooley*, No. 4:20-CV-04177-LLP, 2020 WL 8483823, at *2 (D.S.D. Dec. 17, 2020).
[19] *See* Docket Nos. 1 at 2, 9-1 at 3.
[20] Docket Nos. 1 at 3, 9-1 at 4, 9-2 at 4-5, 11-12.
[21] Docket No. 1-1.
[22] Docket Nos. 4 at 1, 9-1 at 3, 9-2 at 7-8.

says or is concerned about, Yexley has not exhausted his claims.[23] He has raised none of his federal claims in state court.[24] To allow him to ignore state procedure on the way to federal court would defeat the exhaustion rule.[25] Because none of Yexley's claims were presented to the state courts, consistent with the state's own procedural rules, a federal court should decline now to hear the claims.[26]

## CONCLUSION

Yexley's federal petition should be dismissed *without* prejudice until he exhausts his state court remedies.[27] Once he does so, Yexley may refile his § 2254 petition in federal court,[28] subject—of course—to timeliness and other considerations.

## RECOMMENDATION

For all of these reasons, and based on the record as it now exists, it is

RECOMMENDED that Yexley's "protective" habeas corpus petition[29] be dismissed without prejudice. It is further

---

[23] *See Carter*, 2023 WL 7530775, at *2; *Haukoos v. Miles*, No. 4:22-CV-04059-RAL, 2022 WL 2117142, at *1 (D.S.D. June 13, 2022).
[24] *See id.*
[25] *See Shinn v. Ramirez*, 596 U.S. 366, 378 (2022).
[26] *See id.* (citing *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000)); *see also Carter*, 2023 WL 7530775, at *2 ("Where a petitioner has failed to exhaust state court remedies for *all* of his claims, the federal court must dismiss the petition without prejudice because the use of the 'stay and abeyance' procedure for certain 'mixed' federal habeas petitions is inapplicable.") (emphasis in original) (citation omitted).
[27] *See Ashker*, 5 F.3d at 1180; *see also Whatley v. Morrison*, 947 F.2d 869, 870 (8th Cir. 1991) (dismissal for failure to exhaust state remedies should be without prejudice).
[28] *See Carter*, 2023 WL 7530775, at *2.
[29] Docket No. 1.

4

RECOMMENDED that Yexley's

1. Motion to amend his petition to add supplemental claims[30] be denied as futile;

2. Motion to stay the petition and hold it in abeyance[31] also be denied; and

3. Motion to toll the relevant limitations period[32] be denied as well.

## NOTICE

The parties have 14 calendar days after service of this report and recommendation to object to the same.[33] Unless an extension of time for cause is later obtained,[34] failure to file timely objections will result in the waiver of the right to appeal questions of fact.[35] Objections must "identify[] those issues on which further review is desired[.]"[36]

DATED this 10th day of June, 2024.

BY THE COURT:

*signature*

**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

---

[30] Docket Nos. 9, 9-1.
[31] Docket No. 4.
[32] Docket No. 5.
[33] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).
[34] *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Nash v. Black*, 781 F.2d 665, 667 & n.3 (8th Cir. 1986) (*citing Thomas v. Arn*, 474 U.S. 140, 155 (1985)).
[35] *See Thompson*, 897 F.2d at 357; *Nash*, 781 F.2d at 667.
[36] *Arn*, 474 U.S. at 155.